## McAULEY *a.* MILDRUM.

*New York Common Pleas; General Term, July,* 1859.

APPEAL.—JUDGMENT.—NEW TRIAL.

Upon appeal from a judgment entered on the report of a referee, the court decided that one portion of the plaintiff's claim allowed by the referee should be disallowed, and therefore reversed the judgment, and ordered a new trial before the same referee, solely to ascertain the amount of the portion of the claim which should be deducted.

*Held,* that plaintiff's motion to modify the decision on the ground that the referee had already found and reported the amount in question, should be granted, and the reversal and new trial should be ordered upon condition that the plaintiff did not elect to deduct such amount from the judgment.

The fact that the defendant wished to avail himself of the new trial, to raise a question new to the cause, should not avail to preclude the modification of the judgment.

Action to forclose a mechanics' lien.

The facts sufficiently appear in the opinion.

*William A. Whitbeck,* for the appellant.

*William R. Martin,* for the respondents.

BY THE COURT.*—HILTON, J.—But three propositions were presented for our consideration by the counsel for the appellant, on the argument of this appeal.

1. That the plaintiff was not entitled to the mortgages at the time he demanded them, or when the lien was filed, and therefore could not have judgment for the amount claimed.

---

* Present, DALY, F. J., and BRADY and HILTON, JJ.

McAuley *a.* Mildrum.

2. That the plaintiff was not entitled to a lien upon the six houses for the marble furnished the whole seven, and which included the one sold to Pinckney, and as the referee found that one-seventh of the marble used went into the Pinckney house, there should be a deduction of that proportion of the contract price from the amount for which the plaintiff has been adjudged to have a lien.

3. That the marble furnished was not in accordance with the terms of the contract, and a proper deduction should be made upon that account.

The decision made by us was adverse to the first and third propositions, and in respect to the second we determined that the plaintiff was not entitled to a lien for the marble used in the Pinckney house, it having been sold and transferred prior to filing the notice, and the case was directed to be sent back to the referee to ascertain the value of the work and materials which went into the Pinckney house, that the amount, when ascertained, might be deducted from the plaintiff's lien found by the referee to exist upon the remaining six houses.

Upon this ground the judgment appealed from was reversed, and a new trial ordered.

The plaintiff now asks us to dispense with this direction as being unnecessary, and that in accordance with the request contained in the appellant's third proposition, the one-seventh part which the referee has already found, and which it is on both sides conceded went towards the erection of the Pinckney house, should be deducted from the judgment, and upon the plaintiff consenting to such reduction, that the judgment be affirmed for the residue.

We can see no objection to doing this, especially as it is in exact compliance with the appellant's request on the argument.

The direction would not have been made originally, had we noticed that the referee had already found the exact amount in value of the labor and materials which went into the Pinckney house, and our attention being now called to this particular finding, is alone sufficient to induce us to dispense with the direction as unnecessary.

This disposition of the case would have been made by us on the argument of the motion, but for the objection of the appel-

lant, who now opposes our doing the very thing which he formerly requested of us.

He desires a retrial of the cause, that he may be enabled to present a new and distinct question, not heretofore adverted to by either counsel, but to which his attention has been called by the opinion of the first judge in this case.

We are not disposed to sanction such a practice. The appeal has been already disposed of upon the grounds presented by him on the argument, and conforming our judgment to his request then made, we think can give him no reason for complaint.

Had the question referred to been presented on the case before us, we would not have avoided passing upon it. But as it cannot properly arise without remodelling the answer, and a retrial of the issues, we are not willing to put the parties to this expense, simply to enable the appellant to test an experiment which might or might not result to his advantage.

For these reasons the judgment will be that of reversal and new trial, unless the plaintiff elects to deduct one-seventh of the amount reported due by the referee, and to reduce his lien on the remaining six houses to that extent. In such case there will be no costs awarded either party upon this appeal. But if a new trial is had by reason of the plaintiff refusing to so reduce his lien, the costs will abide the event of the action.